IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CHRISTOPHER F. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 123-160 |
| | ) |
| RICHMOND COUNTY SHERIFF | ) |
| DEPARTMENT and WELLPATH, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Charles B. Webster Detention Center ("CBWDC") in Augusta, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.   SCREENING THE COMPLAINT**

   **A.   BACKGROUND**

Plaintiff names Richmond County Sheriff's Department and Wellpath as Defendants. (Doc. no. 1, p. 2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 29, 2022, at approximately 10:00 a.m., a dentist employed by Defendant Wellpath conducted a dental procedure on Plaintiff at CBWDC to extract a tooth. (Id. at 4.)

After the procedure concluded, an unidentified metal tool remained lodged in Plaintiff's gum. (Id. at 5.) An x-ray of his mouth was taken after the procedure and Plaintiff was sent back to his unit. (Id.) Later that day, at approximately 7:10 p.m., the metal tool fell out of Plaintiff's mouth. (Id. at 4.) Pieces of Plaintiff's extracted tooth remain embedded in his gums. (Id. at 5.)

As a result, Plaintiff's mouth did not heal properly. (Id.) Plaintiff suffered from pain, trouble sleeping and eating, headaches, excessive bleeding, swelling, and nerve damage. (Id.) Despite filing grievances regarding the issues following his dental procedure, (id. at 7), Plaintiff did not receive any follow-up care to ensure he had not developed an infection, (id. at 5). Plaintiff now fears dentists. (Id.) For relief, Plaintiff requests monetary damages. (Id.)

**B.    DISCUSSION**

**1.    Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

2

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

   2.   **Plaintiff Fails to State a Claim Against Richmond County Sheriff's Department**

Defendant Richmond County Sheriff's Department is not a proper party because sheriff's departments are not legal entities capable of being sued. See Herrington v. Effingham Cnty. Sheriff's Office, CV 411-099, 2011 WL 2550464, at *1 (S.D. Ga. Apr. 21, 2011) ("However, [Plaintiff] cannot sue the sheriff's department because it is not capable of being sued." (citing Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) and collected cases)), *adopted by* 2011 WL 2550459 (S.D. Ga. June 27, 2011); Smith v. Dekalb Ctny. Sheriff's Off., Civil Action No.

3

109-CV-2820, 2010 WL 308984, at *2 (N.D. Ga. Jan. 22, 2010) (same).  Further, appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation.  See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue" (quotations omitted)).  Thus, Defendant Richmond County Sheriff's Department is not capable of being sue and should be dismissed.

### 3. Plaintiff Fails to State a Valid Deliberate Medical Indifference Claim Against Defendant Wellpath

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege: (1) he had a serious medical need—the objective component, (2) a defendant acted with deliberate indifference to that need—the subjective component, and (3) his injury was caused by a defendant's wrongful conduct.  Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (*per curiam*).  To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)).  To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Melton, 841 F.3d at 1223.

Plaintiff fails to state a medical deliberate indifference claim against Defendant Wellpath.

4

A private entity contracting to provide medical services is only liable under § 1983 when employing a custom or policy that results in deliberate indifference to an inmate's serious medical needs. Brown v. Bell, No. 220-CV-281, 2022 WL 779771, at *3 (N.D. Ala. Mar. 14, 2022) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)); see also Denham v. Corizon Health, Inc., 675 F. App'x 935, 940 (11th Cir. 2017) (*per curiam*); Massey v. Montgomery Cnty. Det. Facility, 646 F. App'x 777, 780 (11th Cir. 2016) (*per curiam*).  However, the law is well established that a healthcare provider's liability cannot be based on "a theory of respondeat superior or vicarious liability alone." Est. of Hand by & through Hand v. Fla. Dep't of Corr., No. 21-11542, 2023 WL 119426, at *6 (11th Cir. Jan. 6, 2023) (*per curiam*) (citing Hartley ex rel. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)).

Here, Plaintiff points to no custom or policy of Defendant Wellpath, much less one that amounted to any deliberate indifference.  Such omission is fatal to Plaintiff's claim because Defendant Wellpath may only be held liable for a custom or policy that shows deliberate indifference.  Hand, 2023 WL 119426, at *6.  There must be "a persistent and wide-spread practice" rather than "random acts or isolated incidents" to establish a custom or policy.  Id.  Here, Plaintiff provides no details that Defendant Wellpath, through the unnamed dentist who pulled Plaintiff's tooth, had a custom or policy that was even implicated.  Furthermore, there are no allegations that show the necessary causation link between a policy and Plaintiff's constitutional violations.  Instead, Plaintiff is attempting to assert a claim against Defendant Wellpath, as discussed above, based on the care rendered by an unidentified dentist at CBWDC.

In sum, Plaintiff fails to state a medical deliberate indifference claim against Defendant Wellpath.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of January, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA