IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER F. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-160 |
| | ) | |
| DOCTOR HALL, Wellpath Healthcare Provider; CHARLES B. WEBSTER DETENTION CENTER; STATE OF GEORGIA; AUGUSTA, RICHMOND COUNTY; DANNY L. DURHAM; E. TIMOTHY O'BRIEN; RICHMOND COUNTY SHERIFF DEPARTMENT; and WELLPATH, | ) ) ) ) ) ) ) ) ) | |
| Defendants.[1] | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Charles B. Webster Detention Center in Augusta, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

---

[1] The Court **DIRECTS** the **CLERK** to update the list of Defendants in accordance with the above caption, which is consistent with the amended complaint. (See doc. no. 18, pp. 2-3.) Plaintiff listed "Wellpath Healthcare Provider" as a descriptor for Defendant Doctor Hall, not as a stand-alone Defendant.

I.      SCREENING THE COMPLAINT

A.      BACKGROUND

In his amended complaint, Plaintiff names the following Defendants in their individual and official capacities: (1) Doctor Hall, (2) Charles B. Webster Detention Center ("CBWDC"), (3) State of Georgia, (4) Augusta, Richmond County, (5) Danny L. Durham, and (6) E. Timothy O'Brien. (Doc. no. 18, pp. 2-5.) Named in the initial complaint but not the amended complaint were (1) Richmond County Sheriff's Department and (2) Wellpath. (Compare doc. no. 1 with doc. no. 18.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In October 2021, Defendant State of Georgia falsely imprisoned Plaintiff at CBWDC. (Doc. no. 18, p. 10.) Defendant Augusta, Richmond County wrongfully accused, falsely imprisoned, and knowingly held Plaintiff without bond on false charges. (Id.) While at CBWDC on October 9, 2021, Plaintiff's hand was broken. (Id. at 8.) On October 23, 2021, Plaintiff experienced a beating on his head and face. (Id. at 8, 10.) Deputies Fern and Rodriquez tased Plaintiff excessively. (Id. at 10.) CBWDC administrators witnessed these events. (Id.) As a result of these events, Plaintiff suffered lost wages, stress, depression, various expenses, pain and suffering, and mental and physical damage. (Id. at 10, 11.)

On March 29, 2022, at 10:31 a.m., Defendant Doctor Hall, a Wellpath healthcare provider, conducted a dental procedure on Plaintiff at CBWDC to extract a tooth. (Id. at 8.) After the procedure finished, a surgical tooth extraction tool remained lodged in Plaintiff's gum. (Id. at 10.) Later that day, at 7:10 p.m., the instrument used during the procedure fell out of Plaintiff's gum. (Id. at 8.) Doctor Hall's assistant and CBWDC administrators witnessed these events. (Id. at 10.) Despite filing a sick call and a grievance to the dental

staff, Plaintiff received no further medical attention.  (Id. at 9-10.)  As a result of the extraction procedure and the resulting lack of medical attention, Plaintiff experienced nerve damage, gum infection, blood clots in his gums, gum sensitivity and tenderness, clicking in his jaw, weight loss, head pains, loss of sleep, pain and suffering, trauma, stress, depression, and difficulty eating.  (Id. at 9, 10.)

In July 2022, during an attorney-client visit at CBWDC, Plaintiff's attorney-client confidentiality rights were deprived when Plaintiff's attorney, Defendant E. Timothy O'Brien, asked one of Mr. O'Brien's family members who works for the federal government whether Plaintiff would be indicted.  (Id. at 8, 11.)  Defendant Danny L. Durham was also involved in this situation.  (Id. at 11.)  As a result of this event, Plaintiff experienced pain and suffering, stress, depression, an indictment by the federal government, mental damage, lost time, financial burden, trust issues with counsel, and humiliation.

In August 2023, after paying a $4,500 retainer fee to Defendant Danny L. Durham, Mr. Durham was selected to try a federal case and abandoned Plaintiff's case, which was still open and pending.  (Id. at 8, 11.)  As a result, Plaintiff was deprived of legal representation and experienced stress, mental damage, pain and suffering, and humiliation.  (Id.)  Defendant O'Brien was also involved in this situation.  (Id. at 11.)

For relief, Plaintiff requests monetary damages and to have his criminal record erased. (Id. at 9.)

    **B.**    **DISCUSSION**

        **1.**    **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

3

who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint.  Snow

v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

> 2. **Plaintiff No Longer Brings Any Claims Against Defendants Richmond County Sheriff's Department and Wellpath**

As the Court previously explained, (doc. no. 16, p. 2), Plaintiff's amended complaint supersedes and replaces in its entirety the previous complaint filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). Plaintiff does not name Defendants Richmond County Sheriff's Department or Wellpath, the two Defendants named in the original complaint, in the caption of the amended complaint. (Compare doc. no. 1 with doc. no. 18.) Nor does Plaintiff mention these two Defendants in the statement of his claims. (See doc. no. 18.) Dismissal is therefore appropriate. See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Accordingly, Defendants Richmond County Sheriff's Department and Wellpath should be dismissed.

> 3. **Plaintiff's Claims Against Defendants State of Georgia, Augusta, Richmond County, Danny L. Durham, and E. Timothy O'Brien Are Improperly Joined**

Plaintiff cannot bring unrelated claims in a single lawsuit under Federal Rule of Civil Procedure 20(a)(2). There are two requirements for joinder under Rule 20: (1) all claims against joined defendants must arise out of "the same transaction or occurrence, or series of transactions or occurrences"; and (2) "there must be some question of law or fact common to all defendants that will arise in the action." Smith v. Trans-Siberian Orchestra, 728 F. Supp.

2d 1315, 1319 (M.D. Fla. 2010) (citing Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by* Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (*en banc*)).

"In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims." Alexander, 207 F.3d at 1323. Under the requirements of Rule 13(a), "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998); Tarver v. Owens, 514-CV-214, 2014 WL 3810594, at *4 (M.D. Ga. Aug. 1, 2014) (same). A logical relationship exists when the claims depend upon the same set of facts, or the facts of one claim "activate additional legal rights supporting the other claim." Smith, 728 F. Supp. 2d at 1319. A claim may be dismissed without prejudice where it does not comply with Rule 20. Smith v. Owens, 625 F. App'x 924, 928-29 (11th Cir. 2015) (*per curiam*); see also Daker v. Head, 730 F. App'x 765, 768 (11th Cir. 2018) (*per curiam*).

Plaintiff originally filed his complaint based on claims against Wellpath, a private healthcare provider, and Richmond County Sheriff's Department regarding his dental care, which he alleged constituted medical deliberate indifference. (See doc. no. 13.) The Court recommended dismissal of Plaintiff's claims, as he failed to state a claim against those defendants, but allowed Plaintiff to amend his complaint in response to Plaintiff's objections, where he asserted he had recently learned the name of the dentist who performed his tooth extractions. (See doc. no. 15.) In his amended complaint, Plaintiff names the dentist, Dr. Hall, and brings the same medical deliberate indifference claims related to the tooth extraction procedure, but also raises unrelated allegations concerning excessive force, false

6

imprisonment, and legal malpractice/breach of contract. (Doc. no. 18.) Moreover, Plaintiff now seeks relief in the form of erasure of his criminal record for these unrelated issues. (Id. at 9.)

Claims based on separate events must be filed in separate cases. Based on the information provided by Plaintiff in the amended complaint, these unrelated claims against Defendants State of Georgia; Augusta, Richmond County; Danny L. Durham; and E. Timothy O'Brien bear no logical relationship to one another and have no connection to the primary claim related to Plaintiff's dental care which was the subject of Plaintiff's original complaint. Moreover, to the extent Plaintiff seeks to challenge his conviction or sentence, "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement' . . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Put simply, there is no "series of transactions or occurrences" connecting Plaintiff's claims against the various defendants, nor is there "some question of law or fact common to all defendants" to justify these claims being joined in the same action. Smith, 728 F. Supp. 2d at 1319 (2010). Because Defendants State of Georgia, Augusta, Richmond County, Danny L. Durham, and E. Timothy O'Brien are improperly joined in this action, the Court recommends dismissal of Plaintiff's claims against them. See Tarver, 2014 WL 3810594, at *4.

### 4.   Charles B. Webster Detention Center is Not Subject to Liability in a § 1983 Suit

Defendant Charles B. Webster Detention Center is not a proper party because county jails are not subject to liability under § 1983. See, e.g., Smith v. Chatham Cnty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2 (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a

7

legal entity capable of being sued."), *adopted by* 2012 WL 5463762 (S.D. Ga. Nov. 8, 2012); Sebastian v. Maynard, No. 510-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) ("The Lamar County Detention Center is not a legal entity that is subject to suit under 42 U.S.C. § 1983."), *adopted by* 2010 WL 3395154 (M.D. Ga. Aug. 21, 2010); Bolden v. Gwinnett Cnty. Det. Ctr. Med. Admin. Med. Doctors & Staff, No. 109-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails, like the Gwinnett County Detention Center, are not legal entities subject to suit under § 1983 at all."). Appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation. See 42 U.S.C. § 1983; see also Georgia Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted). Thus, Plaintiff fails to state a claim upon which relief can be granted against Charles B. Webster Detention Center.

### 5. Plaintiff's Official Capacity Monetary Claims

To the extent Plaintiff is suing state officials in their official capacity for monetary damages, (doc. no. 18, pp. 3-5.), those claims fail. The Eleventh Amendment bars official capacity claims against state officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims for monetary relief, which is not available, fail to state a claim upon which relief can be granted.

## II. CONCLUSION

The Court **REPORTS** and **RECOMMENDS** Defendants Wellpath and Richmond County Sheriff's Department be **DISMISSED** because Plaintiff's amended complaint no longer brings any claims against them. The Court further **REPORTS** and **RECOMMENDS**

Defendant Charles B. Webster Detention Center, as well as all official capacity claims for monetary damages against all state official Defendants, be **DISMISSED** for failure to state a claim upon which relief can be granted.  Lastly, the Court **REPORTS** and **RECOMMENDS** all claims against Defendants State of Georgia, Augusta, Richmond County, Danny L. Durham, and E. Timothy O'Brien be **DISMISSED** for improper joinder.  By separate order, the Court directs service of process on Defendant Doctor Hall.

SO REPORTED and RECOMMENDED this 23rd day of April, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA