IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CHRISTOPHER F. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 123-160 |
| | ) |
| DOCTOR HALL, Wellpath Healthcare | ) |
| Provider; CHARLES B. WEBSTER | ) |
| DETENTION CENTER; STATE OF | ) |
| GEORGIA; AUGUSTA, RICHMOND | ) |
| COUNTY; DANNY L. DURHAM; | ) |
| E. TIMOTHY O'BRIEN; RICHMOND | ) |
| COUNTY SHERIFF DEPARTMENT; and | ) |
| WELLPATH, | ) |
| | ) |
| Defendants.[1] | ) |

_____

**O R D E R**
_____

Plaintiff, currently incarcerated at the Jefferson County Detention Center in Louisville, Georgia, filed this case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Charles B. Webster Detention Center in Augusta, Georgia. Because Plaintiff is proceeding *in forma pauperis*, the Court screened his complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A. In a Report and Recommendation ("R&R") issued on January 23, 2024, the Court recommended dismissal of Plaintiff's complaint because Plaintiff failed to state a claim upon which relief can be granted. (Doc. no. 13.)

---

[1] The Court **DIRECTS** the **CLERK** to update the list of Defendants in accordance with the above caption, which is consistent with the amended complaint. (See doc. no. 18, pp. 2-3.) Plaintiff listed "Wellpath Healthcare Provider" as a descriptor for Defendant Doctor Hall, not as a stand-alone Defendant.

In response to the Court's January 23rd R&R, Plaintiff filed objections, requesting an opportunity to amend his complaint to cure the deficiencies identified by the undersigned. (See doc. no. 15.) The Court granted Plaintiff's request to amend his complaint. (See doc. no. 16.) Plaintiff submitted his amended complaint, (doc. no. 18), and the Court therefore **VACATES** the January 23rd R&R. (Doc. no. 13.)

Thus, the Court now screens Plaintiff's amended complaint in its normal course of business, and as explained below, directs service of process on Defendant Doctor Hall. The Court directs recommends dismissal of Defendants Wellpath, Richmond County Sheriff's Department, State of Georgia, Augusta, Richmond County, Danny L. Durham, E. Timothy O'Brien, and Charles B. Webster Detention Center, as well as official capacity claims for money damages against state official Defendants, in a simultaneously entered R&R.

I.    SCREENING THE AMENDED COMPLAINT

In his amended complaint, Plaintiff names the following Defendants in their individual and official capacities: (1) Doctor Hall, (2) Charles B. Webster Detention Center, (3) State of Georgia, (4) Augusta, Richmond County, (5) Danny L. Durham, and (6) E. Timothy O'Brien. (Doc. no. 18, pp. 2-5.) Named in the initial complaint but not the amended complaint were (1) Richmond County Sheriff's Department and (2) Wellpath. (Compare doc. no. 1 with doc. no. 18.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In October 2021, Defendant State of Georgia falsely imprisoned Plaintiff at CBWDC. (Doc. no. 18, p. 10.) Defendant Augusta, Richmond County wrongfully accused, falsely imprisoned, and knowingly held Plaintiff without bond on false charges. (Id.) While at CBWDC on October 9, 2021, Plaintiff's hand was broken. (Id. at 8.) On October 23, 2021,

Plaintiff experienced a beating on his head and face. (Id. at 8, 10.) Deputies Fern and Rodriquez tased Plaintiff excessively. (Id. at 10.) CBWDC administrators witnessed these events. (Id.) As a result of these events, Plaintiff suffered lost wages, stress, depression, various expenses, pain and suffering, and mental and physical damage. (Id. at 10, 11.)

On March 29, 2022, at 10:31 a.m., Defendant Doctor Hall, a Wellpath healthcare provider, conducted a dental procedure on Plaintiff at CBWDC to extract a tooth. (Id. at 8.) After the procedure finished, a surgical tooth extraction tool remained lodged in Plaintiff's gum. (Id. at 10.) Later that day, at 7:10 p.m., the instrument used during the procedure fell out of Plaintiff's gum. (Id. at 8.) Doctor Hall's assistant and CBWDC administrators witnessed these events. (Id. at 10.) Despite filing a sick call and a grievance to the dental staff, Plaintiff received no further medical attention. (Id. at 9-10.) As a result of the extraction procedure and the resulting lack of medical attention, Plaintiff experienced nerve damage, gum infection, blood clots in his gums, gum sensitivity and tenderness, clicking in his jaw, weight loss, head pains, loss of sleep, pain and suffering, trauma, stress, depression, and difficulty eating. (Id. at 9, 10.)

In July 2022, during an attorney-client visit at CBWDC, Plaintiff's attorney-client confidentiality rights were deprived when Plaintiff's attorney, Defendant E. Timothy O'Brien, asked one of Mr. O'Brien's family members who works for the federal government whether Plaintiff would be indicted. (Id. at 8, 11.) Defendant Danny L. Durham was also involved in this situation. (Id. at 11.) As a result of this event, Plaintiff experienced pain and suffering, stress, depression, an indictment by the federal government, mental damage, lost time, financial burden, trust issues with counsel, and humiliation.

3

In August 2023, after paying a $4,500 retainer fee to Defendant Danny L. Durham, Mr. Durham was selected to try a federal case and abandoned Plaintiff's case, which was still open and pending. (Id. at 8, 11.) As a result, Plaintiff was deprived of legal representation and experienced stress, mental damage, pain and suffering, and humiliation. (Id.) Defendant O'Brien was also involved in this situation. (Id. at 11.)

For relief, Plaintiff requests monetary damages and to have his criminal record erased. (Id. at 9.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has arguably stated a viable Eighth Amendment claim for medical deliberate indifference against Defendant Doctor Hall in his individual capacity. See McElligott v. Foley, 182 F.3d 1248, 1254-55 (11th Cir. 1999).

## II.     INSTRUCTIONS

**IT IS HEREBY ORDERED** service of process shall be effected on Defendant Doctor Hall. The United States Marshal shall mail a copy of the amended complaint, (doc. no. 18), and this Order by first-class mail and request that Defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the amended complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case.

Fed. R. Civ. P. 4(m).  Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate Defendant Doctor Hall to effect service.

**IT IS FURTHER ORDERED** Plaintiff shall serve upon the defendant, or upon his defense attorney(s) if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court.  Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendant or their counsel.  Fed. R. Civ. P. 5; Loc. R. 5.1.  Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number.  Fed. R. Civ. P. 10(a).  Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendant.  Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action.  Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.  The defendant shall ensure Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's Local Rules.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution.  Fed. R. Civ. P. 41; Loc. R. 41.1.  If Plaintiff wishes to obtain facts and information about the case from the defendant, Plaintiff must initiate discovery.  <u>See generally</u> Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery).  Plaintiff should begin discovery promptly and complete it

within four months after the filing of the first answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's

statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

**While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.**

SO ORDERED this 23rd day of April, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA