IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER F. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-160 |
| | ) | |
| DR. HAWES, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff, currently incarcerated at U.S. Penitentiary Lee in Jonesville, Virginia, filed this case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Charles B. Webster Detention Center ("CBWDC") in Augusta, Georgia. Because Plaintiff is proceeding *in forma pauperis*, he is entitled to rely on court officials to effect service. See 28 U.S.C. § 1915(d). The Court screened Plaintiff's amended complaint and directed the United States Marshal to effect service of process on Defendant Doctor Hall. (See doc. no. 22.) However, the Marshal returned the USM-285 form for Defendant Hall as unexecuted because no employee by that name who worked for Wellpath at CBWDC during the relevant time period described in Plaintiff's amended complaint could be identified. (See doc. no. 29.) While attempting to locate Defendant Hall, the Marshal identified one dentist with a similar name, Dr. Hawes, who worked at CBWDC until January 19, 2023. (Id.)

Accordingly, and because Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate a defendant to effect service, the Court ordered Plaintiff to notify

the Court whether Dr. Hawes was the intended Defendant identified as Defendant "Hall" in Plaintiff's amended complaint. (Doc. no. 30.) Plaintiff timely responded and notified the Court that Dr. Hawes is the correct name for the Defendant Doctor "Hall" named in Plaintiff's amended complaint. (Doc. no. 32.)

For the sake of judicial efficiency, rather than require Plaintiff to submit a second amended complaint simply correcting the previous misnomer, the Court **DIRECTS** the **CLERK** to update the docket to reflect the identification of Defendant Doctor Hall as Defendant Dr. Hawes, consistent with the above caption. See Transcon. Ins. Co. v. L.F. Staffing Servs., Inc., 2008 WL 11333664, at * 4 (S.D. Fla. Aug. 13, 2008) ("[A] mere misnomer . . . may be disregarded where it is fairly certain that no prejudice has resulted . . . ."); see also Williams v. DeKalb Cnty. Gov't, No. 1:12-CV-0705-RLV-AJB, 2014 WL 12997819, at *4 (N.D. Ga. June 30, 2014) (replacing misnamed Defendant with proper name pursuant to Fed. R. Civ. P. 15 and noting "it is not necessary for Plaintiff to amend his complaint to achieve his goal"); Delvecchio v. Smith, 558 F. Supp. 2d 1243, 1245 (S.D. Fla. 2008) (allowing *pro se* plaintiffs who sued Internal Revenue Service agent to substitute United States as proper party defendant). All references in Plaintiff's amended complaint to a Doctor "Hall" shall be construed as referring to Dr Hawes.

**IT IS HEREBY ORDERED** service of process shall be effected on Defendant Dr. Hawes pursuant to the terms of the Court's April 23, 2024 Order. (Doc. no. 22.)[1] The United States Marshal shall mail a copy of the amended complaint, (doc. no. 18), the Court's April 23rd Order, (doc. no. 22), and this Order by first-class mail and request that Defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary

---

[1] The Court **DIRECTS** the **CLERK** to issue a revised Form USM-285 service packet, reflecting the correct name of Dr. Hawes as Defendant.

2

costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the amended complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). Plaintiff is reminded Defendant must be served within the ninety-day service period established by the Court's April 23rd Order, (doc. no. 22), or the claims against them may be dismissed without prejudice. Should circumstances warrant, the Court will extend the service deadline. Fed. R. Civ. P. 4(m).

SO ORDERED this 1st day of July, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA