IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

CHRISTOPHER F. JONES,       )
                                       )
             Plaintiff,          )
                                         )
       v.                       )         CV 123-160
                                         )
DR. HAWES,                   )
                                         )
            Defendant.       )

## O R D E R

Plaintiff, currently incarcerated at U.S. Penitentiary Lee in Jonesville, Virginia, filed this case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Charles B. Webster Detention Center in Augusta, Georgia. Because Plaintiff is proceeding *in forma pauperis*, he is entitled to rely on court officials to effect service. <u>See</u> 28 U.S.C. § 1915(d). On July 1, 2024, after resolving issues related to Defendant's identification, (<u>see</u> doc. nos. 18, 22, 29, 30, 32), the Court directed the United States Marshal to effect service of process on Defendant Hawes. (Doc. no. 33.) In accordance with the Court's Order directing service, the Marshal mailed a copy of the amended complaint, the Court's April 23rd Order screening Plaintiff's amended complaint, and the Court's July 1st Order by certified mail to Defendant, requesting she waive formal service of summons. (<u>See</u> doc. no. 33; <u>see also</u> doc. nos. 18, 22.)

On July 15, 2024, Defendant signed for the certified mail containing the amended complaint and waiver of service forms. (Doc. no. 35.) On July 22, 2024, an individual named Alsie Parks signed and returned the waiver of service form on behalf of Defendant. Despite

the waiver form indicating that the form must be signed by the Defendant or her attorney, it has come to the Court's attention that Ms. Parks is not an attorney, nor is she a party to this case.  (See id. (reflecting Ms. Parks' signature on the line for "Signature of the attorney or unrepresented party").)  Thus, the waiver of service is not valid.  To date, Defendant has not returned a waiver of service form with her signature or filed an answer.  Therefore, personal service shall be effected on Defendant.

The Court **DIRECTS** the United States Marshal to use reasonable efforts to effect personal service of process on Defendant within sixty days of the date of this Order.  Rule 4(m) empowers courts with discretion to extend the time for service when a plaintiff demonstrates good cause for failing to timely serve process or any other circumstances warrant an extension of time.  Henderson v. United States, 517 U.S. 654, 662-63 (1996); Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005).  Because the circumstances surrounding Defendant's certificate of service and invalid waiver warrant an extension, the Court **EXTENDS** the deadline for service under Fed. R. Civ. P. 4 through and including November 12, 2024.

The Marshal shall personally serve on Defendant a summons notifying her of the lawsuit and giving her a time period in which to answer, a copy of the amended complaint, (doc. no. 18), the Court's April 23rd Order, (doc. no. 22), the Court's July 1st Order, (doc. no. 33), and a copy of this Order.  The Court also **DIRECTS** the Marshal to notify the Court in a written filing on the record within sixty days of the date of this Order whether Defendant has been located and served.

Furthermore, individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with a request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Thus, as Defendant has failed to waive service, expenses for effecting personal service may be imposed pursuant to Fed. R. Civ. P. 4(d)(2).

SO ORDERED this 12th day of September, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3