IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER F. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-160 |
| | ) | |
| DR. HAWES, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at U.S. Penitentiary Lee in Jonesville, Virginia, filed this case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Charles B. Webster Detention Center ("CBWDC") in Augusta, Georgia. Before the Court is Defendant's motion to set aside entry of default, (doc. no. 46), and Plaintiff's motion for default judgment, (doc. no. 50). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendant's motion to set aside entry of default be **GRANTED**, (doc. no. 46), Plaintiff's motion for default judgment be **DENIED**, (doc. no. 50), and Defendant's Motion in Opposition to Plaintiff's motion be **DENIED AS MOOT**, (doc. no. 51).

**I.    BACKGROUND**

On April 23, 2024, the Court allowed Plaintiff's medical deliberate indifference claim against Defendant Hawes to proceed. (Doc. no. 22; see also doc. no. 33.) After several months of service attempts, (see, e.g., doc. nos. 22, 33, 35, 36, 37, 39), including successful completion of personal service by the U.S. Marshal, (doc. no. 39), Defendant did not timely file an answer

or otherwise appear in the case. Accordingly, on November 5, 2024, the Court ordered Defendant to show cause why the Clerk of Court should not enter default against her pursuant to Fed. R. Civ. P. 55(b), and ordered service of various filings on Wellpath, Defendant's former employer, to ensure it was aware of this suit. (Doc. no. 40.) When the time to comply with the Court's November 5th Order passed, and neither Defendant nor any representative of Wellpath appeared in this case, filed an answer, or otherwise responded to the Court's November 5th Order, the Court directed entry of default against Defendant on January 10, 2025, and served copies of the Order on Wellpath. (Doc. no. 43.)

On January 24, 2025, attorney Robin Daitch[1] filed an answer and motion to set aside entry of default on behalf of Defendant, (doc. nos. 45, 46), as well as a Suggestion of Bankruptcy and Stay indicating Wellpath was undergoing Chapter 11 Bankruptcy proceedings in the Southern District of Texas.[2] In her motion, Defendant argues her default was neither culpable nor willful. (Doc. no. 46.) She explains she was a Wellpath employee at the time of the events described in Plaintiff's amended complaint, and as such, "relied on Wellpath to provide representation and a defense." (Id. at 4.) However, "Wellpath had recently filed bankruptcy and was attempting to deal with financial obligations and debts across the country,

---

[1] Defense counsel's motion to withdraw as counsel of record pending before the presiding District Judge need not delay the resolution of the issues discussed herein. Should a stay be warranted while Defendant identifies substitute counsel, she may move for such relief.

[2] According to the Suggestion of Bankruptcy, an automatic stay was imposed on all lawsuits in which a Wellpath employee or former employee who may be subject to indemnification obligations is named as a defendant. (See doc. no. 47.) However, because this stay has expired as of April 30, 2025, the ongoing bankruptcy proceedings need not delay the Court's resolution of the issues addressed herein. (See id. at 52 ("[T]he Lawsuits are stayed until the *earlier* of (a) the effective date of a confirmed chapter 11 plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) *April 30, 2025*." (emphasis added)).) Should the Bankruptcy Court further extend the stay of lawsuits involving former Wellpath employees, Defendant may file a renewed Suggestion of Bankruptcy and Motion to Stay this case for the presiding District Judge's consideration.

and in the process, whether through inadvertence, oversight, or mistake, had failed to provide a timely defense." (Id.) Defendant further asserts Plaintiff would not be prejudiced by opening default, she presents a meritorious defense in her proposed Answer, and default poses a significant financial threat to Defendant. (Id. at 4-5.)

On January 30, 2025, the Court received Plaintiff's motion for default judgment in accordance with Federal Rule of Civil Procedure 55. (Doc. no. 50.) Defendant filed a response in opposition to Plaintiff's declaration styled as a "Motion Opposing Plaintiff's Motion to Seek Default Judgment," citing the same arguments made in her motion to set aside. (See doc. no. 51.)[3] Plaintiff responded in opposition to Defendant's motions. (Doc. nos. 52, 53.)

## II.    DISCUSSION

Rule 55(c) of the Federal Rules of Civil Procedure states that "[f]or good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55(c). It is the defaulting party's burden to establish good cause. Sherrard v. Macy's Sys. & Tech. Inc., 724 F. App'x 736, 738 (11th Cir. 2018) (*per curiam*). The Eleventh Circuit has expressed the "good cause" standard should be interpreted liberally. Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). Although "'good cause' is not susceptible to a precise formula," there are several factors that may aid in its determination. Id. These factors include but are not limited to: (1) whether the default was culpable or willful; (2) whether setting default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; and (4) whether the defaulting party acted promptly to correct the default. Id. While the factors considered may vary from case to case, the

---

[3] Because Defendant's motion is properly construed as a response and should not have been styled as a "Motion in Opposition" because it seeks no new form of relief or Court action, it should be **DENIED AS MOOT**. (Id.)

3

overarching policy disfavoring default judgments should always be considered. See Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316-17 (11th Cir. 2002) (cautioning default is a drastic remedy that should be used sparingly and only in extreme situations); Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) ("[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits.").

The Court finds Defendant has established good cause to set aside an entry of default against her. In considering the above factors, Defendant asserts she relied on her former employer, Wellpath, to provide representation, but Wellpath failed to provide a timely defense on Plaintiff's behalf amid bankruptcy proceedings with nationwide implications. (Doc. no. 46.) While Defendant's lack of action to confirm representation by Wellpath may be negligent, it cannot be described as culpable or a pattern of willful delay. Perez v. Wells Fargo N.A., 774 F.3d 1329, 1339 (11th Cir. 2014) (affirming record lacked evidence "suggesting a pattern of delay or willful conduct" despite failure to answer based upon attorney's mistake); CBS Studios, Inc. v. Individuals, Bus. Entities and Unincorporated Ass'ns Identified on Sched. "A", No. 23-61894-CIV, 2023 WL 9027145, at *2 (S.D. Fla. Dec. 8, 2023) (finding default neither culpable nor willful when defendant companies were based in Vietnam and "not familiar with or aware of the Federal Rules of Civil Procedure, including the timeframes set forth therein.")

Moreover, defense counsel promptly took action to correct the default by filing an answer, motion to set aside, Suggestion of Bankruptcy, and Corporate Disclosure Statement just two weeks after entry of default. (See doc. nos. 45-48); Perez, 774 F.3d at 1339 (discussing plaintiff took swift action to correct default "soon after learning of her failure to file an answer"); Sherrard v. Macy's Sys. & Tech. Inc., 724 F. App'x 736, 738 (11th Cir. 2018) (*per curiam*) (quick response time to clerk's entry of default "further supports a finding of good

4

cause.").

There is also no evidence Defendant's delay in filing an answer has prejudiced Plaintiff in any way and Plaintiff does not assert such. Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1357 (11th Cir. 2009) ("[T]he inquiry is whether prejudice results from the delay, not from having to continue to litigate the case."). Although Defendant's failure to answer delayed the progress of this case, "[t]here is no suggestion that the brief delay caused a loss of evidence, created increased difficulties in discovery, or allowed for greater opportunities for fraud and collusion." Sherrard, 724 F. App'x at 739.

Furthermore, this case should be determined on the merits, as Defendant presents a meritorious defense, (see generally doc. no. 45), to Plaintiff's medical deliberate indifference claim. Ehlers, 8 F.3d at 783; Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969) (The moving party need only show a "hint of a suggestion of a meritorious defense.").[4] In sum, all factors weigh in favor of a finding of good cause to set aside an entry of default against Defendant.

Also before the Court is Plaintiff's motion for default judgment. (Doc. no. 50.) By its terms, Federal Rule of Civil Procedure 55 contemplates two steps before entry of a default judgment. First, the party seeking a default must have the Clerk enter the default by submitting an "affidavit or otherwise" showing that the defaulting party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Thereafter, the moving party may then seek entry of a default judgment under Rule 55(b). Although the Clerk previously entered default against Defendant

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions rendered prior to the close of business on September 30, 1981, by the United States Court of Appeals for the Fifth Circuit.

5

pursuant to the Court's January 10th Order, should the presiding District Judge accept the instant recommendation Defendant's motion to set aside entry of default be granted, Plaintiff would not be entitled to the default judgment he seeks. Thus, the undersigned recommends the motion requesting default judgment be **DENIED**. (Doc. no. 50.)

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant's motion to set aside entry of default be **GRANTED**, (doc. no. 46), Plaintiff's motion for default judgment be **DENIED**, (doc. no. 50), and Defendant's Motion in Opposition to Plaintiff's motion be **DENIED AS MOOT**, (doc. no. 51). Should the presiding District Judge adopt this Report and Recommendation, the Clerk of Court shall docket a scheduling notice setting case deadlines.

SO REPORTED AND RECOMMENDED this 12th day of May, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA