IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER F. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-160 |
| | ) | |
| DR. HAWES, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is a motion filed by Plaintiff, requesting the Court place a lien upon unspecified accounts belonging to Defendant; Defendant's former employer, Wellpath; and Wellpath's Chief Legal Officer, Marc Goldstone. (Doc. no. 54.)[1] Defendant responded in opposition, noting Plaintiff "adduced no facts or law within the Motion for Lien to support a court order placing personal liens on the Defendant and, more alarmingly, non-parties to this action." (Doc. no. 60.) The Court is not aware of any authority supporting the imposition of a pre-judgment lien under the circumstances posed by this case and finds Plaintiff's request for such liens baseless and filed in contravention of Local Rule 7.1. See Loc. R. 7.1 (providing "every motion filed in civil proceedings shall cite to supporting legal authorities" and "[e]very factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with

---

[1] To the extent the automatic stay for ongoing bankruptcy proceedings prompted Plaintiff's filing of the instant motion, the Court again notes the automatic stay has expired. (See doc. no. 57, p. 2 n.2.)

the motion"); see also Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (holding that failure to comply with the Local Rules may result in summary denial of a motion); Tanner v. Jpmorgan Chase Bank USA, No. 5:15-CV-9, 2016 WL 447615, at *4 (M.D. Ga. Feb. 4, 2016) (finding attorney's "utter failure to cite any facts or law supporting the imposition of a prejudgment lien" and lack of "inquiry or investigation into the validity of such action" rendered lien request frivolous and supported issuance of sanctions).  As the Court previously explained, failure to comply with the Local Rules may result in summary denial of a motion.  See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979).[2]  Accordingly, Plaintiff's motion is **DENIED**.  (Doc. no. 54.)

SO ORDERED this 23rd day of May, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.